UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH DALE YOUNG,<br>Plaintiff,<br>v.<br>NICOLE SHELDON, et al.,<br>Defendants. | Case No.  25-cv-07838-VKD<br><br>**ORDER (1) GRANTING PLAINTIFF'S REQUEST FOR SCHEDULING ACCOMMODATION; AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 5, 9 |

On September 12, 2025, Mr. Young, proceeding pro se, filed a complaint asserting claims for negligence, negligent infliction of emotional distress, and for violation of his constitutional rights to due process and equal protection under the Fourteenth Amendment, 42 U.S.C. § 1983. *See* Dkt. No. 1. On October 1, 2025, the Court granted Mr. Young's application to proceed in forma pauperis, stating that "any issues regarding the sufficiency of the complaint would benefit from briefing, and therefore [the Court] declines to recommend dismissal of the complaint at this time under 28 U.S.C. § 1915(e)(2)(B)." Dkt. No. 7 at ECF 1.  The docket indicates that service of the complaint and summons has not yet been completed.

With his complaint, Mr. Young filed a request for scheduling accommodation, stating that he would be incarcerated beginning on September 11, 2025.  Additionally, Mr. Young notes that he currently is waiting for "review of his petition for writ of habeas corpus in a separate case unrelated to the instant action." *See* Dkt. No. 5 at ECF 3.  Mr. Young requests permission to appear by telephone or video at court proceedings and that case deadlines be extended or adjusted "to account for [his] custodial status." *Id*.

As service has not yet been completed, and there has been no appearance by defendants at

1   this time, the Court continues the initial case management conference to **February 17, 2026, 1:30**
2   **p.m.**  The parties' joint case management statement is due by **February 10, 2026**.  All other
3   deadlines set in the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt.
4   No. 2) are adjusted accordingly.  Unless otherwise ordered, case management conferences are
5   conducted by Zoom Webinar.  To the extent Mr. Young wishes to appear via some other remote
6   means (e.g., telephone), he should file a request no later than 7 days before the case management
7   conference.

8       Mr. Young also moves pursuant to 28 U.S.C. § 1915(e)(1) for the appointment of counsel,
9   stating that he currently is "required by the probation program to reside in a residential program,
10  and cannot leave until the program is completed[.]"  Dkt. No. 9 at ECF 2.  Additionally, he says
11  that the property loss alleged in his complaint "pose[s] a serious obstacle to [his] ability to
12  properly investigate, litigate, and present his claims effectively."  *Id*.  There is no constitutional
13  right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses
14  the litigation.  *See Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113
15  F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in*
16  *part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir. 1998) (en banc).  A motion for the
17  appointment of counsel for an indigent litigant under § 1915 may be granted, in the Court's
18  discretion, only in exceptional circumstances, which requires consideration of "the likelihood of
19  success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the
20  complexity of the legal issues involved."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)
21  (quotations and citation omitted).  The present action is at an early stage, and at this time, the
22  Court is unable to assess whether exceptional circumstances would warrant seeking volunteer
23  counsel to accept a pro bono appointment.  Accordingly, Mr. Young's motion to appoint counsel
24  is denied, without prejudice to raise the matter later in these proceedings, e.g., at the initial case
25  management conference.

26      Mr. Young is reminded that while this case is pending, he must promptly inform the Court
27  ///
28  ///

1   of any change of address.  Failure to do so may result in dismissal of this action.

2   **IT IS SO ORDERED.**

3   Dated: October 30, 2025

    Virginia K. DeMarchi
    United States Magistrate Judge

3