UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH DALE YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>NICOLE SHELDON, et al.,<br><br>        Defendants. | Case No. 5:25-cv-07838-BLF<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF Nos. 13, 18] |

Before the Court is pro se Plaintiff Joseph Dale Young's motion for a temporary restraining order seeking to prohibit Defendants from requiring him to enroll in a Sober Living Environment ("SLE") as a condition of his probation or be remanded. ECF No. 13 ("Mot."). Mr. Young filed a duplicate motion, *see* ECF No. 18, and the Court notified the Parties that it would consider both motions as a single motion for a temporary restraining order, *see* ECF No. 19. Defendants oppose the motion. ECF No. 22 ("Opp."). For the reasons below, the Court DENIES the motion.

**I.  BACKGROUND**

Mr. Young initiated this action against Defendant Nicole Sheldon in her official capacity as a probation officer and the County of Santa Cruz on September 12, 2025, by filing a complaint asserting claims for negligence and deprivation of constitutional rights under 42 U.S.C. § 1983. ECF No. 1. In the complaint, Mr. Young alleges that Ms. Sheldon "negligently left [his] vehicle unlocked while [he] was already in custody for a controversial probation violation" and as a consequence, his vehicle was broken into. *Id.* ¶¶ 7–8. Mr. Young filed this motion on November 10, 2025, alleging that Defendants retaliated against him for bringing this action by informing him "that he would be remanded into custody if he was not placed in a [SLE] by

1  November 21, 2025." Mot. at 2.

**II.   LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking emergency injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**III.   DISCUSSION**

The Court finds that Mr. Young has failed to meet his burden to demonstrate that he is likely to suffer irreparable harm and that he is likely to succeed on the merits.

First, Mr. Young has failed to show a likelihood of success on the merits. In his motion, Mr. Young argues that "[t]he sudden threat of custody or new conditions shortly after Plaintiff served his complaint plausibly indicates retaliatory motive." Mot. at 3. Merely alleging that Defendants imposed a new probation condition on him following his filing of this suit, however, is insufficient to establish a likelihood of success on the merits. Moreover, in opposition to Mr. Young's motion, the District Attorney and probation officer that allegedly imposed this condition on him filed sworn affidavits attesting that neither of them had even heard of this lawsuit until after Mr. Young filed his motion for a temporary restraining order. *See* Seuylemezian Decl. ¶ 7, ECF No. 22-1; Lesniak Decl. ¶ 10, ECF No. 22-2. The probation officer

further stated that he "[a]t no time . . . made such a representation" or "made any insinuation and/or inferences to [Mr. Young] that he would be remanded into custody if he was not placed in a SLE by November 21, 2025." Lesniak Decl. ¶ 4. The Court finds that Mr. Young has failed to present any evidence to support his theory and has failed to meet the likelihood of success on the merits requirement.

Second, Mr. Young does not plausibly allege irreparable harm. While Mr. Young alleges that he has been threatened with "[l]oss of access to the courts and chilling of First Amendment activity," he has not made any factual allegations that he has been placed at imminent risk of any such injury. As mentioned above, the probation officer has filed a sworn statement that he made no such representation or insinuation to Mr. Young. Mr. Young accordingly has not made the requisite showing of irreparable harm necessary for the Court to enter injunctive relief.

Having concluded that Mr. Young has failed to establish a likelihood of success on the merits or irreparable harm, the Court need not reach the remainder of the *Winter* factors. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." (internal quotation marks and citation omitted)).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is DENIED. This Order is without prejudice to Mr. Young filing a motion for preliminary injunction that may be heard upon proper notice to Defendants and on the Court's regular calendar. This order terminates ECF No. 13 and ECF No. 18.

Dated:  November 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge